O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SARAH JANE CRUZ-MARIANO, <br> Plaintiff, <br> v. <br> CAROLYN COLVIN, Acting Commissioner of Social Security, <br> Defendant. | Case No. CV 15-04595-DFM <br><br> MEMORANDUM OPINION AND ORDER |

Plaintiff Sarah Jane Cruz-Mariano ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying her applications for Social Security disability benefits. On appeal, the Court concludes that the ALJ erred by failing to state adequate reasons for rejecting the opinion of an examining psychiatrist. The ALJ's decision is therefore reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## BACKGROUND

Plaintiff filed applications for Social Security Disability Insurance Benefits and Supplemental Security Income in November 2011, alleging

disability beginning September 9, 2010. Administrative Record ("AR") 192-202. On August 26, 2013, a hearing was held on Plaintiff's claims for benefits. AR 37-66. The ALJ issued an unfavorable decision on November 20, 2013. AR 15-30. In reaching this decision, the ALJ found that Plaintiff had the severe impairments of major depression and anxiety. AR 17. The ALJ determined that despite her impairments, Plaintiff had the residual functional capacity ("RFC") to perform work at all exertional levels and was able to sustain a routine work pace, but was limited to simple routine tasks and must avoid public contact. AR 21. Relying on the testimony of a vocational expert ("VE"), the ALJ found that Plaintiff could not perform her past relevant work, but was able to perform other work. AR 28-29. After the Appeals Council denied further review, this action followed. AR 1-4.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in: (1) addressing and rejecting the opinion of Plaintiff's examining psychiatrist, Dr. Kamal Dhawan; and (2) finding that Plaintiff is capable of performing other work. See Joint Stipulation ("JS") at 4.[1]

## III.
## THE ALJ ERRED IN REJECTING THE OPINION OF PLAINTIFF'S EXAMINING PSYCHIATRIST

Plaintiff contends that the ALJ erred by failing to properly consider and include in the RFC assessment Dr. Dhawan's findings that Plaintiff has several "severe" and "moderate" limitations in functioning. JS at 5-9. The Court

---

[1] Because the Court concludes that the ALJ failed to provide specific and legitimate reasons for rejecting Dr. Dhawan's opinion, the Court does not reach the ALJ's evaluation of Plaintiff's ability to perform other work. Upon remand, the ALJ may wish to consider Plaintiff's remaining claim of error.

2

agrees with Plaintiff.

## A. Background

Dr. Dhawan examined Plaintiff in March 2012, and diagnosed Plaintiff with major depressive disorder (recurrent, severe, with psychotic features), generalized anxiety disorder, and post-traumatic stress disorder ("PTSD"). AR 263-68. Dr. Dhawan assessed Plaintiff's functional abilities, as follows:

1. "Mild" limitation in the ability "to understand, remember, and carry out simple one or two-step job instructions."
2. "Moderate" limitation in the ability to perform "detailed and complex instructions."
3. "Moderate" limitation in the "[a]bility to relate and interact with co-workers and the public."
4. "Moderate" limitation in the "[a]bility to maintain concentration and attention, persistence and pace."
5. "Moderate" limitation in the "[a]bility to associate with day-to-day work activity, including attendance and safety."
6. "Moderate" limitation in the "[a]bility to accept instructions from supervisors."
7. "Severe" limitation in the ability to "maintain regular attendance in the work place and perform work activities on a consistent basis."
8. "Severe" limitation in the ability "to perform work activities without special or additional supervision."

AR 268.

The ALJ gave Dr. Dhawan's opinion "considerable weight." AR 26. The ALJ cited Dr. Dhawan's findings in the first three areas of functioning, noting that Plaintiff was able to perform simple tasks, but had moderate limitations in the ability to perform complex tasks and interact appropriately with co-workers and the public. AR 26, 268. The ALJ did not, however,

mention or give any reasons for rejecting the several other limitations assessed by Dr. Dhawan. Specifically, the ALJ failed to reference Dr. Dhawan's findings that Plaintiff had "moderate" limitations in the ability to maintain concentration, attention, persistence and pace, associate day-to-day work activity, and accept instructions from supervisors and "severe" limitations in the ability to maintain regular attendance in the work place and perform work activities on a consistent basis and perform work activities without special or additional supervision. AR 268.

Rather than offer any reasons for rejecting these findings, the ALJ simply found that Dr. Dhawan's PTSD diagnosis conflicted with the diagnoses offered by two other doctors. AR 26-28. The ALJ noted that the non-examining medical expert, Dr. Nancy Winfrey, testified that Plaintiff suffers from generalized anxiety disorder without psychosis and was able to perform simple tasks at a routine work pace, could interact appropriately with co-workers, and was able to get to work on a timely basis. AR 27, 41, 43-45. The ALJ also noted that the examining psychologist, Dr. Lou Ellen Sherrill, diagnosed Plaintiff with dysthymia and opined that Plaintiff could perform simple and repetitive tasks with minimal supervision and appropriate persistence and pace, was able to understand, remember and carry out simple to moderately complex verbal instructions, could tolerate ordinary work pressures, was able to interact with others in the workplace and the general public, and could observe basic work and safety standards. AR 28, 41, 292-93. The ALJ stated that she "balanced" Dr. Winfrey's assessment and Dr. Sherill's diagnosis against Dr. Dhawan's diagnosis of PTSD. AR 26-27, 41, 46-47, 292.

B. **Applicable Law**

Three types of physicians may offer opinions in Social Security cases: those who directly treated the plaintiff, those who examined but did not treat the plaintiff, and those who did not treat or examine the plaintiff. See 20

C.F.R. §§ 404.1527(c), 416.927(c); Lester v. Chater, 81 F.3d 821, 825 (9th Cir. 1995), as amended (Apr. 9, 1996). A treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester, 81 F.3d at 830. Thus, the ALJ must give specific and legitimate reasons for rejecting a treating physician's opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a non-examining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)); Lester, 81 F.3d at 830-31 (citing Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983)). When a treating or examining physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. See Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (citing Lester, 81 F.3d at 830-31). Where such an opinion is contradicted, the ALJ must provide only "specific and legitimate reasons" for discounting it. Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). Moreover, "[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); accord Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). Further, the weight given a physician's opinion depends on whether it is consistent with the record and accompanied by adequate explanation, the nature and extent of the treatment relationship, and the doctor's specialty, among other things. 20 C.F.R. §§ 404.1527(c)(3)-(6), 416.927(c)(3)-(6).

**C.   Analysis**

     Here, the ALJ rejected Dr. Dhawan's PTSD diagnosis in a conclusory fashion, stating simply that it had been "balanced" against the contrary findings of the Dr. Winfrey and Dr. Sherrill. AR 26. This explanation fails to

reach the level of specificity required to reject a physician's opinion. See Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir.1988) ("The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.") (footnote omitted); see also Reddick, 157 F.3d at 725 (stating that specific and legitimate reasons can be set forth by a "detailed and thorough summary of the facts and conflicting clinical evidence, stating [the ALJ's] interpretation thereof, and making findings."). The ALJ did not adequately explain why Dr. Dhawan's diagnosis of PTSD was rejected in favor of any conflicting diagnosis, but merely that a conflict in the doctors' opinions existed. Moreover, the ALJ did not even mention much less address Dr. Dhawan's opinion that Plaintiff had several "moderate" (ability to maintain concentration, attention, persistence and pace, associate day-to-day work activity, and accept instructions from supervisors) and "severe" limitations (ability to maintain regular attendance in the work place and perform work activities on a consistent basis and perform work activities without special or additional supervision) in functioning. AR 268. By ignoring this evidence, the ALJ necessarily erred. She failed to provide any specific or legitimate reasons to explain why Dr. Dhawan's opinion as to Plaintiff's limitations should be accorded less weight than the opinions of any of the other doctors.[2] See Garrison, 759 F.3d at 1012 ("Where an ALJ does not

---

[2] The Commissioner asserts that the ALJ also properly relied on the findings of examining internist Dr. Ursula Taylor (e.g., Plaintiff was fully oriented on mental status exam, had adequate memory, and established good rapport with examiner) in support of the RFC assessment. JS at 11-12; AR 26-27. However, mere approval of Dr. Taylor's opinion does not justify rejection of Dr. Dhawan's findings. As discussed, the ALJ erred by failing to address the several limitations assessed by Dr. Dhawan. See Garrison, 759 F.3d at 1012-13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that

6

explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs.").

D. **Remand Is Appropriate**

The decision whether to remand for further proceedings is within this Court's discretion. <u>Harman v. Apfel</u>, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. <u>Id.</u> at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); <u>Benecke v. Barnhart</u>, 379 F.3d 587, 593 (9th Cir. 2004).

A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. <u>Bunnell v. Barnhart</u>, 336 F.3d 1112, 1115-16 (9th Cir. 2003); <u>see also</u> <u>Garrison</u>, 759 F.3d at 1021 (explaining that courts have "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."). Here, remand is appropriate for the ALJ to fully and properly consider Dr. Dhawan's opinion and to determine whether that opinion supports a finding of disability.

///
///
///
///

---

another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.").

## IV.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the action is REMANDED for further proceedings consistent with this opinion.

Dated: September 12, 2016

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge